## GREAT LAKES TRANSPORTATION CO. v. HAND & JOHNSON TUG LINE.

(District Court, E. D. Michigan, S. D.   April 2, 1923.)

No. 6748.

1. **Towage ⬰15(2)—Evidence held insufficient to show injury to tow.**

In libel against a tug company for negligent towage, evidence *held* insufficient to show that the vessel towed sustained any damage at the time of the alleged injury.

2. **Towage ⬰15(1)—Libelant's delay in making claim ground for dismissal.**

Where no notice of injuries claimed to have been suffered by a vessel because of the negligence of a tug in towing it along a shoal was given for almost two years, and suit was not brought for nearly four years, the libel should be dismissed because of libelant's unreasonable delay, precluding the tug owner from having any opportunity to investigate the nature of the damage or the cause of the injury.

3. **Admiralty ⬰34—Stale claims not enforced.**

Though admiralty courts are not bound by any statute of limitations, stale claims will not be enforced, where there has been such unreasonable delay in their assertion that their resultant belated enforcement would be unjust and inequitable.

In Admiralty.   Libel by the Great Lakes Transportation Company against the Hand & Johnson Tug Line.   Decree dismissing libel.

Holding, Masten, Duncan & Leckie, of Cleveland, Ohio, for libelant.
Kelley, David & Cottrell, of Cleveland, Ohio, for respondent.

TUTTLE, District Judge.   The libel in this case, which was filed February 23, 1922, alleges that the steamer Glenshee, a Canadian bulk freighter, came into the harbor at Buffalo, N. Y., shortly after midnight on the 4th day of May, 1918, laden with a cargo of iron ore; that she engaged the harbor tug Detroit to take her from under the breakwater to her unloading berth in the Blackwell Canal in the inner harbor; and that after the tug took her line, and while the tow was proceeding up the Buffalo river, the Glenshee struck and rubbed along a shoal spot of hard rock abreast the Coast Guard station, located on the southerly pier of the river.   The libel further alleges that as a result of said striking, the bottom of the Glenshee sustained severe damage, and a considerable sum is also claimed for delay of the vessel while she was undergoing repairs.   Fault is charged against the tug Detroit in the claim that the said tug negligently towed the Glenshee upon or over the shoal spot in the channel mentioned.

The answer filed by the owner of the tug Detroit admits the fact of the towing, but denies that the Glenshee touched bottom during the course of the trip, and further alleges that it was not until March 15, 1920, nearly two years subsequent to the alleged injury, that the respondent was notified of any claim of damage to the Glenshee on the occasion in question.

[1] The testimony was taken in open court, and, after hearing all the witnesses, I am satisfied that the libelant has failed to sustain the burden upon it to prove any negligence on the part of the tug Detroit.

⬰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In my opinion, there has been a complete failure of proof that the steamer Glenshee sustained any damage on the occasion in question, inasmuch as the proof showed that there was at least a foot more water over the shoal spot than the Glenshee was drawing on the night when the alleged injury occurred.

[2] But, even had the libelant made out a case of damage to its vessel on the occasion alleged, I would dismiss the libel in this case, because of the unreasonable delay on the part of the libelant in making claim against the respondent. This damage is alleged to have occurred in May, 1918, nearly four years before the libel herein was filed and libelant admits that no notice whatever was given to the officials of the respondent until March, 1920. The evidence showed further that the matter was not placed in the hands of counsel until March, 1920, and that the notice which was given the respondent was given by such counsel. This failure of notice on the part of the libelant practically bars the respondent tug from having any proof either as to the cause of the injury or the extent of the damage. If the tug or its owner had received notice, or had been advised of this claim within a usual or reasonable time, there would have been opportunity for the tug owner to have the bottom of the Glenshee inspected, and the tug would be in a position to either admit or deny that the Glenshee had been damaged prior to such inspection. The nature of the damage, if any, might have been valuable evidence for the tug, and suggestive of the cause of the injury. It is plainly unfair that the tug and her owners should receive no intimation of the claimed damage to the steamer, or of the purpose to bring suit, until after the lapse of such a period of time.

[3] As to the maneuvers of the tug and steamer on the night of May 4, 1918, the tug has no opportunity to offer proof for the master and crew of the tug could not remember, and had no occasion for remembering, the occurrences of that night. Shipowners and captains should understand that they are not likely to recover claimed damages in an admiralty court, unless they make known the claim and injury with sufficient promptness to afford the opposite party a reasonable opportunity to investigate and defend. Admiralty courts are not bound, at present, by any statute of limitation, but refuse to enforce stale claims, where there has been such an unreasonable delay in the assertion thereof that the resultant belated enforcement of such a claim would be unjust and inequitable. Pacific Coast S. S. Co. v. Bancroft-Whitney Co. (C. C. A. 9) 94 Fed. 180, 36 C. C. A. 135; Elder Dempster & Co., Ltd. v. Talge Mahogany Co. (C. C. A. 5) 256 Fed. 65, 167 C. C. A. 307; 1 C. J. 1328. It is the equitable doctrine of laches, applied in admiralty, and is, in my opinion, applicable to the present case.

A final decree may be drawn, dismissing the libel, at the costs of libelant.